**Outten & Golden LLP**
Adam T. Klein (AK 3293)
Linda A. Neilan (LN 4095)
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**JUDGE BAER**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**08 CV 2345**

OVE VARIK,

      Plaintiff,

-against-          COMPLAINT

RIVERSIDE WOODWORKS COMPANY and
ZACHARY MODEL,

      Defendants.

___

  Plaintiff Ove Varik, by and through his attorneys, OUTTEN & GOLDEN LLP, alleges as follows:

### NATURE OF THE CASE

  1. Ove Varik ("Mr. Varik" or "Plaintiff") worked for Riverside Woodworks Company, a high-end wood workshop, and its owner, Zachary Model (collectively "Riverside Woodworks" or "Defendants").

  2. As an employee of Riverside Woodworks, Mr. Varik regularly worked more than 40 hours per workweek.

  3. Despite Mr. Varik's long hours, Defendants failed to pay Mr. Varik an overtime premium for the hours he worked in excess of 40 in a workweek.

4. Mr. Varik brings this action against Defendants for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq.; and the New York Labor Law Article 6, §§ 190 et seq. and Article 19, §§ 650 et seq. ("NYLL").

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Mr. Varik's FLSA claim pursuant to 28 U.S.C. §§ 1331 and 1337. This Court has supplemental jurisdiction over Mr. Varik's NYLL claim pursuant to 28 U.S.C. § 1367 because it is part of the same case or controversy as his federal FLSA claim.

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(c) because Defendants are subject to personal jurisdiction in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

### Ove Varik

8. Mr. Varik resides in Brooklyn, New York.

9. Defendants employed Mr. Varik in Brooklyn, New York, from July 27, 2003 until approximately September 15, 2005.

10. At all times relevant to this action, Mr. Varik was an "employee," "person," and/or "individual" with respect to Defendants, as those terms are defined for purposes of the FLSA and the NYLL.

### Defendants

11. Defendant Riverside Woodworks manufactures custom-made furniture, cabinetry, moldings, and other items.

12. Riverside Woodworks is incorporated in Delaware and has its principal place of business in New York, New York.

13. Riverside Woodworks' headquarters is located at 146 Stanton Street, New York, New York 10014.

14. At all times relevant to this action, Riverside Woodworks has conducted or engaged in substantial business in the State of New York, and thereby has obtained the benefits of the laws and the retail and labor markets of the State of New York.

15. Upon information and belief, Defendant Model resides in New York, New York.

16. Upon information and belief, at all times relevant to this action, Model owned and operated Riverside Woodworks.

17. Upon information and belief, at all times relevant to this action, Model has been a shareholder, partner, and/or principal of Riverside Woodworks.

18. Upon information and belief, at all times relevant to this action, Model administered payroll for Riverside Woodworks

19. Upon information and belief, at all times relevant to this action, Model has had the power to hire and fire employees, set wages, create and retain time and/or wage records, and otherwise control the terms and conditions of Riverside Woodworks' employees.

20. Upon information and belief, at all times relevant to this action, Model had the power to stop any illegal pay practices that harmed Mr. Varik.

21. Model is a covered employer within the meaning of the FLSA and the NYLL, and at all times relevant, employed Mr. Varik.

## FACTUAL ALLEGATIONS

22. Mr. Varik worked as a craftsman building furniture and maintaining Defendants' machinery at Riverside Woodworks.

23. Throughout his employment, Mr. Varik regularly worked in excess of 40 hours per workweek for which Defendants did not pay him an overtime premium of one and one-half times his regular rate of pay.

24. Upon information and belief, Defendants kept no accurate records of the hours that Mr. Varik worked.

25. Defendants' failure to pay Mr. Varik overtime wages for his work in excess of 40 hours per week was willful.

## FIRST CAUSE OF ACTION
### (Fair Labor Standards Act: Unpaid Overtime Wages)

26. Mr. Varik realleges and incorporates by reference all allegations in all preceding paragraphs.

27. Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

28. At all times relevant, Mr. Varik was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

29. The overtime wage provisions set forth in the FLSA apply to Defendants and protect Mr. Varik.

30. Upon information and belief, Defendants did not keep accurate records of the hours that Mr. Varik worked, the time of arrival and departure, or the wages that they paid Mr. Varik.

31. Defendants willfully failed to record, credit, or compensate all work that Mr. Varik

performed.

32. Defendants' violations of the FLSA, as described in this Complaint, were willful and intentional.

33. As a result of Defendants' willful violations of the FLSA, Mr. Varik has suffered damages.

34. Defendants have not made a good faith effort to comply with the FLSA with respect to Mr. Varik's compensation.

35. As Mr. Varik's employer with control over Mr. Varik's compensation at Riverside Woodworks, Defendant Model is liable in his individual capacity for the unpaid overtime wages due to Mr. Varik.

### SECOND CAUSE OF ACTION
### (New York Labor Law, Article 19: Unpaid Overtime Wages)

36. Mr. Varik realleges and incorporates by reference all allegations in all preceding paragraphs.

37. At all times relevant, Mr. Varik was an employee and Defendants were employers within the meaning of the New York Labor Law.

38. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants and protect Mr. Varik.

39. Defendants willfully failed to record, credit, or compensate all work performed by Mr. Varik while he was their employee.

40. Defendants' failure to pay Mr. Varik overtime for hours he worked in excess of 40 hours per week was willful.

41. Defendant Model is severally liable, as an individual, for the unpaid overtime wages

due to Mr. Varik pursuant to N.Y. Bus. Corp. L. § 630(b).

## THIRD CAUSE OF ACTION
### (New York Labor Law Article 6: Unpaid Wages)

42. Mr. Varik realleges and incorporates by reference all allegations in all preceding paragraphs.

43. At all times relevant to this action, Mr. Varik has been an employee and Defendants have been employers within the meaning of New York Labor Law §§ 190, 651(5).

44. The provisions of Article 6 §§ 190 et seq. of the New York Labor Law and its supporting regulations apply to Defendants and protect Mr. Varik.

45. Defendants willfully failed to pay Mr. Varik for all hours worked in violation of Article 6 of the New York Labor Law §§ 190 et seq.

46. Defendant Model is liable, as an individual, for all unpaid wages owed to Mr. Varik pursuant to N.Y. Bus. Corp. L. § 630(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

A.   Unpaid wages and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

B.   Unpaid overtime pay and liquidated damages pursuant to Article 19 of the New York Labor Law, §§ 650 et seq., and the supporting New York State Department of Labor regulations;

C.   Unpaid regular wages and liquidated damages at the agreed rate pursuant to Article 6 of the New York Labor Law, §§ 650 et seq., and the supporting New York State Department of Labor regulations;

D.  Pre-judgment interest;

E.  An injunction requiring Defendants to pay all statutorily required wages;

F.  Reasonable attorneys' fees and costs of the action; and

G.  Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
       March 5, 2008

Respectfully submitted,

By: _____
    Adam T. Klein

**Outten & Golden LLP**
Adam T. Klein (AK 3293)
Linda A. Neilan (LN 4095)
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000